# IN THE COURT OF APPEALS OF IOWA

No. 22-0573
Filed October 5, 2022

**IN THE INTEREST OF C.M., R.M., and A.M.,**
**Minor Children,**

**C.M., Father,**
Appellant.
_____

Appeal from the Iowa District Court for Polk County, Kimberly Ayotte, District Associate Judge.

A father appeals a district court order terminating his parental rights to three children. **AFFIRMED.**

Heidi Miller of Gribble, Boles, Stewart & Witosky Law, Des Moines, for appellant father.

Thomas J. Miller, Attorney General, and Kathryn K. Lang, Assistant Attorney General, for appellee State.

Jeremy M. Evans of Carr Law Firm, P.L.C., Des Moines, attorney, and William E. Sales III of Sales Law Firm, P.C., Des Moines, guardian ad litem for minor child C.M.

Bridget M. Bott of Bott Law Office, P.L.L.C., West Des Moines, attorney, and Emily DeRonde of DeRonde Law Firm, PLLC, Johnston, guardian ad litem for minor child R.M.

Adrienne Rose Loutsch of Benzoni & Maffitt Law Office P.L.C., Des Moines, attorney, and Marshall W. Orsini of Law Offices of Marshall W. Orsini, PLC, Des Moines, guardian ad litem for minor child A.M.

Considered by Vaitheswaran, P.J., and Greer and Schumacher, JJ.

**VAITHESWARAN, Presiding Judge.**

A father appeals a district court order terminating his parental rights to three children, born in 2012, 2015, and 2017. He contends (1) the State did not prove the grounds for termination cited by the court; (2) termination was not in the children's best interests; (3) the court should have granted an exception to termination based on the parent-child bond; (4) he should have been afforded additional time to facilitate reunification; and (5) the court should have granted the district court concurrent jurisdiction to allow the children's mothers to obtain appropriate custody orders.

The district court terminated the father's parental rights on several grounds. We may affirm the termination order if we find clear and convincing evidence to support any of the grounds. *See In re D.W.*, 791 N.W.2d 703, 707 (Iowa 2010). We elect to focus on Iowa Code section 232.116(1)(f) (2021), which requires proof of several elements including proof the children could not be returned to parental custody.

The father lived with his wife, her two children, and his three children. The oldest of his children had a different mother, who stipulated to the father's exercise of physical care.

The department of health and human services intervened after learning that the father may have sexually abused the oldest child. The child was removed from the father's custody. She remained with her stepmother. Eventually, the father was allowed to return to the home.

One month after his return, the department learned that the father was sexually abusing one of his stepchildren. The State sought his children's removal

from his custody. The father consented to removal of the oldest child, who was initially placed with her stepmother. Later, the court granted the department's application to have the child placed with her mother. The court also removed the younger two children from the father's custody and had them remain with their mother. All three children were adjudicated in need of assistance.

Meanwhile, the State charged the father with crimes arising from his abuse of the stepchild. He eventually pled guilty to lascivious acts with a child, child endangerment causing bodily injury, and indecent contact with a child. The court placed him on probation and required him to register as a sexual offender for the rest of his life. The department reported that he "made little to no progress in addressing his sexual perpetration on children" and "remain[ed] as a risk to these three children and the two other children."

At the termination hearing, the father was asked whether he could have the children returned to his custody. He responded, "No." He stated he was unable to have access to any of his children and could not return to the home he once shared with his wife. On our de novo review, we conclude the State proved the elements of Iowa Code section 232.116(1)(f).

We turn to the father's argument that termination was not in the children's best interests. *See* Iowa Code § 232.116(2). He cites "the negative psychological repercussions" of termination and points to the severing of the half-siblings' relationship with their older sister.

The department caseworker testified termination was in the children's best interests because they were all "in limbo" and they could not "continue to wonder whether or not he is coming home, whether he's going to get better." She said the

department had "been offering services for two and a half years," and the father had yet to "notif[y] his providers . . . that he ha[d] a problem." We agree that the father's failure to engage in therapeutic services following his admission to sexual abuse of his stepdaughter posed a severe risk to the children.

As for the bond between the oldest child and her younger half-siblings, we are hard-pressed to discern how the father's reliance on that bond advances his argument that termination was not in the children's best interests. Visits among the siblings could take place whether or not his parental rights were terminated. Indeed, the oldest child informed her therapist and the guardian ad litem that she wanted to see her half-siblings and, although the caseworker said it was "not something that they were looking to do immediately," there was no indication termination of the father's parental rights would foreclose contact among them. We conclude termination was in the children's best interests.

In the context of his best-interests argument, the father asserts the district court should have granted an exception to termination based on the parent-child bond. *See id.* § 232.116(3)(c). The caseworker stated the bond was likely impacted by the father's absence from the children's lives for over a year. She testified the father was at fault for severing the bond. We agree.

Also in the context of his best-interests argument, the father contends he should have been given "more time" to facilitate completion of a treatment program. *See id.* § 232.104(2)(b) (allowing a court "to continue placement of the child for an additional six months at which time the court shall hold a hearing to consider modification of its permanency order"). Although the district court did not

directly address this argument, the following portion of the court's best-interests analysis is instructive:

> [The father] has failed to complete sex offender treatment, and has resisted communication between [the department] and his mental health providers. He demonstrates no insight into his offending behavior. [The younger two children] share the same home with his step-daughter who he victimized. There is a criminal No Contact Order in place that prevents his return to that family home. He has not had contact with his children since 2020 and has made no effort to resume contact in the manner recommended by his therapist. He is not able to be part of his children's day-to-day life any time soon.

The record supports the court's assessment. There is scant, if any, evidence that "the need for removal" from the father's custody "would no longer exist at the end of the additional six-month period," as required by section 232.104(2)(b).

We are left with the father's argument that the court should have granted the district court concurrent jurisdiction to allow the children's mothers to obtain "appropriate district court custody orders" in lieu of terminating his parental rights. When asked why this was not a viable option, the department caseworker answered, "Because we believe that he is a safety risk to these children, and we don't believe [his wife] is appropriately protective to maintain that in the long run." She noted that "maintaining [the father's] rights" would allow "him to still have decision-making power over them" and would allow "him to still have visitation rights" and "modify custody in the future." She explained the department "would always have to be on high alert if [the father] had access to these children." We concur in that assessment.

We affirm the order terminating the father's parental rights to his three children.

**AFFIRMED.**